UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ANTHONY WILLIAMS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | No. 1:16-cv-01344-WTL-MJD |
| SUPERINTENDENT New Castle Correctional Facility, | ) |  |
| Respondent. | ) |  |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Anthony Williams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 16-03-0158. For the reasons explained in this Entry, Mr. Williams's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On March 21, 2016, SOMM Counselor C. Bradley wrote a Conduct Report charging Mr. Williams with refusal of a mandatory program. The Conduct Report states:

> Offender Williams, Anthony DOC 254689 consented to participate in the SOMM program on 12/7/15. As part of the consent process, Offender Williams signed the INSOMM Treatment Participation Agreement which details the internal progressive discipline process that will be taken should an offender not adhere to treatment expectations. Offender Williams was informed that he was not adhering to treatment expectations based on his overall demeanor in group and unwillingness to discuss his treatment issues. As a result, Offender Williams was placed on the progressive discipline system. He was placed on Level One of the disciplinary system on 2/2/16 due to his negativity in the group and only minimally participating. He was placed on Level Two of the disciplinary system on 2/29/16 due to not completing the homework assigned that he had 2 weeks to complete. He was placed on Level Three of the disciplinary system on 3/9/16 due to not coming out with the group call outs, missing group and temporarily suspended from group per the disciplinary system. When Offender Williams returned to group on 3/21/16 he continued to refuse to adhere to group expectations as evidenced by stating that he did not feel it was necessary to address why he was on the level system and denying major aspects of his instant offense. He was then placed on Level Four of the disciplinary system which includes a code 116A conduct report[.] Offender Williams was verbally informed he would be receiving a Code 116A conduct report based upon failure to adhere to program expectations.

Dkt. No. 13-1 at 1.

Mr. Williams was notified of the charge on March 23, 2016, when he received the Screening Report. He plead not guilty to the charge, requested a lay advocate, but did not request any witnesses or physical evidence.

A hearing was held on March 24, 2016. Mr. Williams stated at the hearing, "It's not about me not minimally participating. Some of her teachings throw me off." Dkt. 13-5 at 1. Based on Mr. Williams's statement, the staff reports, and Mr. Williams's signed consent form to participate in the program, the hearing officer found Mr. Williams guilty of refusing a mandatory program.

The hearing officer recommended and approved sanctions including a one-hundred-fifty-six day earned-credit-time deprivation and a credit-class demotion.

Mr. Williams appealed to Facility Head and then the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Williams raises two claims in his habeas petition. First, he argues that there was insufficient evidence of his guilt. Second, he maintains that he was denied an impartial decisionmaker. The respondent contends that the latter claim is procedurally defaulted, while the former lacks merits. Mr. Williams did not file a reply brief.

*1.     Impartial Decisionmaker*

Mr. Williams's maintains that he was denied an impartial decisionmaker. Specifically, Mr. Williams argues that once he told the hearing officer that the author of the Conduct Report against him was racist, the hearing officer became "irate" and "hostile." Dkt. 1 at 2. The respondent maintains that this claim was not raised in his administrative appeals and is thus procedurally defaulted.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that

claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The respondent is correct that Mr. Williams did not raise his impartial-decisionmaker claim during his administrative appeals. *See* dkt. 13-8 at 1. Notably, Mr. Williams states in his habeas petition that he raised his sufficiency of the evidence claim in his administrative appeals, but leaves the box blank as to whether he similarly raised his impartial-decisionmaker claim. This claim is therefore procedurally defaulted.

In the alternative, Mr. Williams's claim lacks merit. An inmate in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. For example, a prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie*, 342 F.3d at 667. However, "[a]djudicators are entitled to a presumption of honesty and integrity," and "thus the constitutional standard for impermissible bias is high." *Id.* at 666. Simply because the hearing officer allegedly became angry when Mr. Williams accused a correctional officer of being racist does not make the hearing officer impartial in the manner contemplated by *Wolff* or *Piggie*. Accordingly, Mr. Williams is not entitled to habeas relief on this basis.

### 2. Sufficiency of the Evidence

Mr. Williams contends that there is no evidence in the Conduct Report that he refused to attend the SOMM program—i.e., in that he actually missed classes. Instead, he says, the Conduct Report merely criticizes his demeanor during class.

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*,

696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

As an initial matter, Mr. Williams is simply incorrect about the contents of the Conduct Report. Specifically, the Conduct Report states that he was placed on "Level Three of the disciplinary system on 3/9/16 due to not coming out with the group call outs[ and] missing group." Dkt. 13-1 at 1. This is sufficient evidence that he refused a mandatory program. Moreover, the Conduct Report further details the other ways in which he failed to adequately cooperate with the program. As the respondent points out—and Mr. Williams does not dispute—the charge of refusing a mandatory program encompasses behavior beyond outright refusal to participate in the program; it also forbids inadequate participation in the program, such as by failing to cooperate.

In sum, the Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, and it does here. Mr. Williams is not entitled to habeas relief on this basis.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Williams to the relief he seeks. Accordingly, Mr. Williams's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/21/17

_William T Lawrence_ (signature)
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

ANTHONY WILLIAMS
254689
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov